# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DORSEY GAWAYNE GANN,** ) | |
| ) | |
| **Movant,** ) | |
| ) | |
| v. ) | No. 3:12-cv-00747 |
| ) | Judge Trauger |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## O R D E R

      The movant, proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Docket No. 1). The movant presently is incarcerated at the Federal Correctional Institution in Ashland, Kentucky. He is currently serving a sentence of two hundred and ten months (210) imprisonment for violation of 18 U.S.C. § 2251 (a) (producing child pornography) and § 2252(a)(2)(A) (receiving child pornography). *See United States v. Dorsey Gawayne Gann*, No. 3:02-cr-00209 (M.D. Tenn. 2004)(Echols, J.).

      Under Rule 4, Rules – Section 2255 Proceedings, the court is required to examine motions under § 2255 to ascertain as a preliminary matter whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Id*. at § (b). If the court determines that the movant is not entitled to relief under § 2255, then the "the judge must dismiss the motion . . . ." *Id*.

      Upon preliminary review of the instant motion, it appears that Mr. Gann is challenging not only the imposition of his sentence but also the execution of his sentence. In large part, his motion challenges the May 17, 2012, final decision of the Bureau of Prison National Inmate Appeals Administrator that the BOP will not credit any of the time Mr. Gann spent in custody from March

7, 2003, through June 13, 2004, to his federal sentence. (Docket No. 1 at p. 5a; see also Docket No. 3).

However, a motion pursuant to § 2255 is not the appropriate method for challenging the execution of a federal sentence. Title 28 U.S.C. § 2241 generally is used to challenge the execution of a sentence, or the manner in which a sentence is being served. *Muhammad Ali v. Tennessee Board of Pardon and Paroles*, 431 F.3d 896, 896 (6th Cir. 2006). Relief under § 2241 is available where a petitioner has been denied his rights under the Constitution and/or laws of the United States. 28 U.S.C. § 2241(c)(3). Claims cognizable under § 2241 generally pertain to claims such as the computation of parole or sentencing credits. *Cohen v. United States*, 593 F.2d 766, 770-771 (6th Cir. 1979).

The court could *sua sponte* convert the instant motion to a § 2241 motion. However, whereas there is no filing fee for a motion brought pursuant to § 2255, there is a fee for filing a motion brought pursuant to § 2241. Should Mr. Gann wish to pursue a challenge to the execution of his sentence pursuant to § 2241, he would need to submit the required five dollar ($5.00) filing fee or an application to proceed *in forma pauperis* in lieu thereof.

In the instant motion Mr. Gann also raises an ineffective assistance of counsel claim. (Docket No. 1 at p. 5). The claim is premised on Mr. Gann's former attorney's alleged failure to move for any adjustments to Mr. Gann's sentence for the period of imprisonment served on his undischarged Tennessee sentence which would not be credit to his federal sentence by the BOP. This claim may be pursued by way of a § 2255 motion.

Taking into account the movant's *pro se* status, the court will grant Mr. Gann fourteen (14) days within which he must decide whether he wants to pursue (1) only an action pursuant to § 2255, (2) only an action pursuant to § 2241, or (3) two distinct actions–one pursuant to § 2241 and the

other action pursuant to § 2255.  The movant is advised that, should he choose to pursue an action under § 2241, he will be responsible for the required filing fee or pursuing pauper status.  For the movant's convenience, the Clerk is **DIRECTED** to mail the movant an application to proceed as a pauper.

The movant is **DIRECTED** to respond in writing to the court within fourteen (14) days of the receipt of this order as to his decision.   Failure to respond to the court's order may result in the dismissal of this action.

It is so **ORDERED.**

_____
Aleta A. Trauger
United States District Judge